



OCT 0 3 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID PAUL WORTHINGTON,     )
                            )
            Petitioner,     )     **22 CV - 429 JFH - JFJ**
                            )
v.                          )     Case No.:     22-cv-_____-___
                            )
RICK WHITTEN, Warden,       )
North Fork Correctional Center, )  State Case Nos.:   CRF-1986-52
                            )                         CRF-1986-53
                            )     (Washington County)
                            )
            Respondent.     )

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254)

David Paul Worthington (hereinafter "Petitioner") respectfully petitions this Court for a

Writ of Habeas Corpus to remedy Petitioner's unlawful detention by Respondent's agents, as

follows:

### INTRODUCTION

1.    Petitioner is a member of the Cherokee Nation who was unlawfully charged,

      convicted and incarcerated by state authorities in Oklahoma in relation to criminal

      conduct alleged to have occurred within the Cherokee Nation reservation.

2.    Petitioner has been denied his rights improperly and his state-level avenues for relief

      have been exhausted. Petitioner seeks relief before this Court as the final means to

      vindicate his rights.

//

//

1

## CUSTODY

3.      Petitioner is incarcerated at North Fork Correctional Center in Sayre, Oklahoma.

Petitioner is under the direct control of Respondent and his agents.

## JURISDICTION AND VENUE

4.      The Oklahoma Court of Criminal Appeal's denial of Petitioner's requests for relief

are final and contrary to clearly established Federal law.

5.      Petitioner was convicted in Washington County District Court, located within the

boundaries of the Northern District of Oklahoma. Filing in the Northern District of

Oklahoma is proper pursuant to 28 U.S.C. § 2241(d).

## EXHAUSTION OF REMEDIES

6.      As set forth below, Petitioner has exhausted the remedies available in the state courts.

## STATEMENT OF FACTS

7.      Petitioner is an enrolled member of the Cherokee Nation with some degree of Indian

blood.

8.      Petitioner was convicted by state authorities in Washington County, Oklahoma in case

numbers CRF-1986-52 and CRF-1986-53. Washington County lies within the

Cherokee Nation Reservation.

9.      Petitioner raised subject matter jurisdiction as an issue through *pro se* applications for

post-conviction relief in these Oklahoma district court matters. Petitioner sought

review of the Oklahoma Court of Criminal Appeals on a *pro se* basis in *Worthington*

*v. Oklahoma*, PC-2020-744 (O.C.C.A., filed Oct. 22, 2020).

10.     Following an evidentiary hearing establishing Petitioner's Indian status and the fact

that the alleged criminal conduct occurred in Indian Country Petitioner was

represented by counsel in *Petitioner's Supplemental Brief After Evidentiary Hearing*.

(Ex. A).

11.    Contrary to well-established Oklahoma law that subject matter jurisdiction may be

raised at any time, the Oklahoma Court of Criminal Appeal affirmed denial of

Petitioner's post-conviction relief on October 1, 2021 on the basis that Petitioner's

conviction was final before the Supreme Court decision in *McGirt*. (Ex. B).

12.    Petitioner therefore remains unlawfully incarcerated contrary to Oklahoma law and

Federal law. *Cf. Deerleader v. Crow*, 2021 WL 150014 (N.D. OK., Jan. 15, 2021).

## CLAIM FOR RELIEF

13.    Petitioner re-alleges and incorporates by reference paragraphs 1-12 above along with

Petitioners motions and briefs filed in state court attached hereto as Exhibit B.

14.    Petitioner's charge, conviction and detention in Oklahoma state court were unlawful,

violate Petitioner's constitutional rights and violate federal law.

15.    Petitioner's right to not be detained and incarcerated by a party without jurisdiction to

do so cannot be justified on any procedural ground as such rights cannot be waived,

and in fact, were not waived by Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.  Grant Petitioner's petition for Writ of Habeas Corpus;

2.  Vacate Petitioner's judgment and sentence as invalid;

3.  Bar any retrial of Petitioner by state authorities relating to the underlying charges;

3

4.  Order Petitioner's immediate release from state custody; and

5.  Grant any other relief which this Court deems just and proper.


Pursuant to the requirements set forth in 28 U.S.C. § 2242 and in compliance with the form set forth in 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2022.

/s/ *Theodore M. Hasse*

Theodore M. Hasse, Cal. Bar No. 257794
WIRTH LAW OFFICE
500 W. 7th Street
Tulsa, OK 74119
(918) 932-2800
(918) 932-2900 (Fax)
www.wirthlawoffice.com

ATTORNEY FOR DEFENDANT
DAVID PAUL WORTHINGTON

4

# EXHIBIT A

FILED
IN COURT OF CRIMINAL APPEAL
STATE OF OKLAHOMA

JUL 21 2021

JOHN D. HADDEN
CLERK

No. PC-2020-744
District Court Case Nos. CF-1986-52 and CF-1986-53

## IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

### DAVID PAUL WORTHINGTON,

Petitioner,

vs.

### STATE OF OKLAHOMA

Respondent.

## PETITIONER'S SUPPLEMENTAL BRIEF AFTER EVIDENTIARY HEARING

PETER J. KNOWLES, OBA #30142
500 West 7th Street
Tulsa, Oklahoma 74119
(918) 932-2800
(918) 932-2900 (Fax)
ATTORNEY FOR PETITIONER

July 16, 2021

## TABLE OF CONTENTS

I.  PETITIONER'S SUPPLEMENTAL BRIEF AFTER EVIDENTIARY
    HEARING.................................................................................................1

    a.  Petitioner's lack of subject matter jurisdictional claim can never be waived
        ...................................................................................................3

    b.  Bosse applied state law to dispose of jurisdictional bar claims.................5

    c.  The holding in Bosse does not conflict with the applicable post-conviction
        relief statutes in this matter..................................................................7

    d.  Controlling authority of Oklahoma supports the ruling in *Bosse* that subject
        matter may not be waived and consequential arguments should not
        perpetuate a legal wrong.....................................................................9

    CERTIFICATE OF SERVICE.....................................................................11

i

## TABLE OF AUTHORITIES

### CASES

*Murphy v. Royal*, 875 F.3d 896...........................................................................1

*McGirt v. Oklahoma*, 140 S.Ct. 2452, 2460-82 (2020)...................................1, 2, 4, 6, 8, 10

*Hogner v. State*, 2021 OK CR 4 ¶18.......................................................................2

*Bosse v. State*, 360 P.3d 1203 (Okla. Crim. App. 2015)...............................3, 4, 5, 7, 8, 9

*Wackerly v. State*, 237 P.3d. 795, 797...................................................................4, 5

*Wallace v. State*,  935 P.2d 366, 372.....................................................................4, 5

*Murphy v. State*, 124 P.3d 1198, 1200...................................................................4

*Herb v. Pitcairn*, 324 U.S. 117, 123-24 (1945)........................................................4

*Michigan  v.  Long*,  463  U.S.  1032,  1037-38  (1982)...............................................4

*Magnan v. State*, 207 P.3d 397............................................................................5

*Duty v. State*,  89 P.3d. 1156, 1162......................................................................6

*Frederick v. State*, 811 P.2d 601, 603...................................................................6

*Forrester v. State*, 252 P. 861, 864......................................................................6

*Armstrong v. State*, 248 P. 877, 878.....................................................................6

*Ex Parte Wallace*, 81 Okla. Crim. 176, 162 P.2d 205 (1945).......................................9

### STATUTES

18 U.S.C. §1153............................................................................................2

22 O.S. §1089(D)(2).......................................................................................3

Rule 9.7(G)(3) of the Rules of the Oklahoma Court of Criminal Appeals.......................3

22 O.S. §1089(D)(8)(a)....................................................................................8

22 O.S. §1089(D)(9)(a)...............................................................................8

22 O.S. §1080.......................................................................................10

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| DAVID PAUL WORTHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | Case No.     PC-2020-744 |
| | ) | |
| v. | ) | |
| | ) | **Washington County No.:** |
| STATE OF OKLAHOMA, | ) | **CRF-1986-52** |
| | ) | **CRF-1986-53** |
| Respondent. | ) | |

## PETITIONER'S SUPPLEMENTAL BRIEF AFTER EVIDENTIARY HEARING

The Petitioner David Paul Worthington is a member of the Cherokee Nation who was unlawfully charged and convicted in the District Court of Washington County in CRF-1986-52 and CRF-1986-53.

Petitioner's convictions were appealed on grounds other than that of the instant proceeding, and this Court affirmed said convictions in *Worthington v. State*, F-1994-511 (Okla. Crim. App. Sept. 29 1995) and F-1995-0087 (Okla. Crim. App. Sept. 29, 1995).

Petitioner first raised the issue of subject matter jurisdiction through his *pro se* applications for post-conviction relief in the above district court matters, then relying on *Murphy v. Royal* 875 F.3d 896, a 10th Circuit case which held that the Creek Nation Reservation had not been disestablished for purposes of the Major Crimes Act, and therefore the State of Oklahoma lacked jurisdiction. These requests for relief were denied by the Court as *Murphy* was not yet a final decision.

The *Murphy* case has now been affirmed based upon the July 9, 2020, United States Supreme Court decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452, 2460-82 (2020), which held that the Creek Nation Reservation had not been disestablished for purposes of

the Major Crimes Act, 18 U.S.C. § 1153. Later in *Hogner v. State*, 2021 OK CR 4 ¶18, this Court held that the Cherokee Nation had likewise not been disestablished.

Based upon the *McGirt* ruling, the Petitioner filed his pro se post-conviction relief actions in both district court matters. The district court denied the application in CRF-1986-52, without a hearing. The district court has yet to enter a decision in CRF-1986-53. Upon appeal by the Petitioner in CRF-1986-52 (PC-2020-744), this Court did not find enough in the district court order or the record to support the trial court findings and remanded the matter for an evidentiary hearing instructing the district court only to address the following issues: 1) Petitioner's Indian status; and 2) Whether the crime occurred in Indian County. See *Order Remanding for Evidentiary Hearing*, Dec. 22, 2020 (OCCA No. PC-2020-744).

In response to the above *Order* of this Court, the evidentiary hearing was held in district court resulting in the *Finding of Facts and Order* filed herein March 22, 2021. In said *Order*, the district court found that Petitioner was in fact a member of the Cherokee Nation and that the crimes occurred in the historical boundaries of the Cherokee Nation. That court went further to make findings and commentary regarding the application of laches to prohibit the relief requested.

On May 4, 2021, the Respondent filed herein its *Supplemental Brief of Respondent After Remand*, and later a corrected brief on May 19, 2021, after leave of the Court. Petitioner filed his *Request for Enlargement of Time in Which to File Respondent to Respondent's Corrected Supplemental Brief* on June 14, 2021, after retaining counsel. On June 22, 2021, this Court issued its *Order Granting Petitioner's Motion for*

*Additional Time to File Response Brief*, therein permitting the Petitioner thirty (30) days from the date of the order to file his supplemental brief.

### a. Petitioner's lack of subject matter jurisdictional claim can never be waived.

The entire premise of the Respondent's argument in this matter is based upon their assertion that this Court erred in its decision in *Bosse v. State*, 360 P.3d 1203 (Okla. Crim. App. 2015).  In *Bosse*, the Defendant was convicted of murder and arson by a state court jury in 2012.   That conviction was affirmed on direct appeal, and his first application for post-conviction relief was denied.  In February of 2019, Mr. Bosse filed a subsequent post-conviction relief application asserting that the Chickasaw Reservation had not been disestablished and the federal government had exclusive jurisdiction over his matter.

This Court's decision in *Bosse* conclusively disposes of the Respondent's proposition that Petitioner's jurisdictional claim is waived and barred by the doctrine of laches.  There, the Attorney General and the District Court asked this Court to consider the case barred for the following reasons: 1) waiver under successive capital post-conviction statute 22 O.S. § 1089(D); 2) waiver of jurisdictional challenge; 3) failure to meet the sixty-day filing deadline to raise previously unavailable legal or factual basis in subsequent post-conviction applications under Rule 9.7(G)(3) of the *Rules of the Oklahoma Court of Criminal Appeals*; and 4) the doctrine of laches.  *Id.* at ¶ 20.  This Court had already resolved these issues in the Order remanding for an evidentiary hearing. PCD-2019-124, *Order Remanding for Evidentiary Hearing* at 2 (Okl.Cr. Aug. 12, 2020). This Court was urged by the State of Oklahoma to reconsider its disposal of such

3

procedural bars in *Bosse,* "but offered no compelling arguments in support." *Id.* The

following from the *Bosse* case is dispositive in this matter:

> This Court has repeatedly held that the limitations of post-conviction or subsequent post-conviction statutes do not apply to claims of lack of jurisdiction. *Wackerly v. State*, 2010 OK CR 16, ¶ 4, 237 P.3d 795, 797; *Wallace v. State*, 1997 OK CR 18, ¶ 15, 935 P.2d 366, 372; *see also Murphy v. State*, 2005 OK CR 25, ¶¶ 5-7, 124 P.3d 1198, 1200 (recognizing limited scope of post-conviction review, then addressing newly raised jurisdictional claim on the merits). In *Wackerly*, we also held the time limit on newly raised issues in Rule 9.7 did not apply to jurisdictional questions. *Wackerly*, 2010 OK CR 16, ¶ 4, 237 P.3d at 797. *Id.* at ¶ 21.
>
> *McGirt* provides a previously unavailable legal basis for this claim. Subject-matter jurisdiction may -- indeed, must -- be raised at any time. No procedural bar applies, and this issue is properly before us. 22 O.S. §§ 1089(D)(8)(a), 1089(D)(9)(a). *Id.* at ¶ 22.

The State of Oklahoma has now appealed the *Bosse* decision in the Supreme

Court of the United States and submits to this Court that it wrongly decided that matter.

Respondent cites language from the *McGirt* decision in support of their proposition that

this Court is invited to apply procedural bars to jurisdictional challenges. The Supreme

Court is unlikely to reverse this Court's decision based upon the State of Oklahoma's

argument due to the long standing precedent that the Supreme Court is "without power"

to review this Court's interpretation of state law. *Herb v. Pitcairn*, 324 U.S. 117, 123-24

(9145); cf. *Michigan v. Long*, 463 U.S. 1032, 1037-38 (1982). This Court's decision in

*Bosse* does not amount to a federal-law prohibition on state procedural bars. Oklahoma

Courts have long held that claims like those of Mr. Bosse, and Petitioner, cannot be

waived and may be raised without regard to normal limits on successive post-conviction

actions. *Wackerly*, 237 P.3d 795, 797.

The procedural similarities between the instant case and *Bosse* are readily apparent, and therefore *Bosse* is especially helpful in determining that Petitioner herein should be granted the relief requested. Petitioner acknowledges the stay in *Bosse* as cited by the Respondent; however, once the stay is lifted and/or any challenges by the State to that decision are denied as expected, it will be clear that Petitioner is entitled to the relief sought and any opposition to the same will be contrary to law.

### b. Bosse applied state law to dispose of jurisdictional bar claims.

Oklahoma courts have held that claims of lack of subject matter jurisdiction cannot be waived, by applying Oklahoma precedent, without limitation by post-convictions statutes regarding successive applications. In 2010, this Court made clear that "we have recognized that 'issues of subject matter jurisdiction are never waived" and may be raised at any time under Oklahoma law. *Wackerly v. State*, 237 P.3d 795, 797 (Okla. Crim. App. 2010); (quoting *Wallace v. State*, 935 P.2d 366, 372).

The attempt by Respondent to create a distinction between "Indian-country jurisdictional claims" and "subject matter jurisdiction" also lacks merit. In *Magnan v. State*, 2009 OK CR 16, 207 P.3d 397, Mr. Magnan pled guilty and waived his right to direct appeal. Magnan later contended that the crime scene was in Indian Country and therefore beyond the State's jurisdiction. *Id.* at ¶ 9. There the Court held, "Because Magnan waived his right to a direct appeal, our review here is limited to non-waivable issues. We consider whether this crime occurred in Indian Country and so is beyond the jurisdiction of the State of Oklahoma..." *Id.* at ¶ 2. There, the Court went on to state:

> Normally, an issue not raised in the trial court, and not related to
> our mandatory death-penalty sentence review, is waived when a

defendant pleads guilty, waives appeal, and we proceed solely under 21 O.S.2001, § 701.13 . *Duty v. State*, 2004 OK CR 20, ¶ 20, 89 P.3d 1158, 1162. *A guilty plea, however, waives only nonjurisdictional defects. Frederick v. State*, 1991 OK CR 56, ¶ 5, 811 P.2d 601, 603. *It does not waive a claim that a court lacks the power to adjudicate a charge against the defendant. See e.g., Forrester v. State*, 1927 OK CR 33, 252 P. 861, 864 (recognizing that party can never waive or consent to subject matter jurisdiction where there is no basis for court to exercise jurisdiction); *Armstrong v. State*, 1926 OK CR 259, 248 P. 877, 878 (holding that jurisdiction of the subject matter cannot be conferred by consent, nor can it be waived, and it may be raised at any time before or after trial, and even for the first time on appeal). *Id.* at ¶ 9.

This Court has defined subject matter jurisdiction to include jurisdictional claims arising out of Indian Country, and correctly so. Again, the Respondent is attempting to convince this Court that this Court is wrong, and has been wrong for decades, in its well-reasoned opinions that are now contrary to *what they want* the law to be.

Respondent cites the following language from the *McGirt* case as though the Supreme Court "invited" this Court to apply procedural bars, "defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-established state and federal limitations on post-conviction review in criminal proceedings,"... Respondent then adds its own commentary before the citation, "including Oklahoma's rule that claims that were not, but could have been, raised on direct appeal are waived." See *Resp. Corr. Suppl. Brief After Evid. Hrg.* pg. 8. This is not part of the *McGirt* decision and is somewhat misleading. What this statement by the Supreme Court amounts to, is a consideration of *what may* be the case as a result of their decision. That Court was not presuming to advise this Court, or the courts of any other state, as to the appropriate approach to this issue. This Court knows how to resolve this

6

issue as it has for decades, by applying Oklahoma law. Respondent continues on in its brief citing federal case law in support of its assertion that Indian County jurisdictional claims are waivable, *Bosse* never argued that federal law precluded Oklahoma from imposing procedural bars, but rather this Court applied Oklahoma law to reject these aruguments. Oklahoma urged this Court to reconsider, but offered no compelling arguments in support. *Bosse* at ¶ 20. Respondent is now presenting the same argument to the same Court, in an attempt to obtain a different outcome. The issue has been conclusively and correctly decided.

### c. The holding in Bosse does not conflict with the applicable post-conviction relief statutes in this matter.

On page 13 of the Respondent's brief, it correctly states that this is a non-capital case not governed by § 1089. Nonetheless, the Respondent goes on to argue that the holding in *Bosse* "cannot be squared" with the limitations on successive post-conviction statutes in § 1089.

Review of the post-conviction statutes that apply to this matter, make clear that there is no conflict between *Bosse* and Oklahoma Statutes. § 1080 provides:

> Any person who has been convicted of, or sentenced for, a crime and who claims:....
>
> (b) *that the court was without jurisdiction to impose sentence*;
>
> may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence.

In regard to subsequent applications, § 1086 provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. *Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application*.

Here, there are two significant clauses that permit relief such as that in *Bosse* and this case. First, there must have been a knowing, voluntary and intelligent waiver in the previous proceeding in order to prohibit use of the ground as a basis for subsequent application. There is no indication anywhere in the record here, or in *Bosse*, that such a waiver took place, if it were possible to waive subject matter in the first place. Second, there is an exception where the court finds there was sufficient reason it was not asserted or was inadequately raised in the prior application. The *Bosse* case tells us this ground for relief was previously unavailable providing sufficient reason it was not previously asserted. "The issue could not have been previously presented because the legal basis for the claim was unavailable. 22 O.S. §§ 1089(D)(8)(a), 1089(D)(9)(a); *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020)." *Bosse* at ¶ 20.

Even without the above language in *Bosse*, it would certainly be possible for a Court to find that an uneducated pro se defendant, who was never advised about potential Indian County jurisdictional issues during the case or thereafter, is sufficient to explain why it was not previously asserted. When every district attorney's office in the State of Oklahoma is vigorously prosecuting these individuals, firmly believing they are on solid

8

ground legally, it is absurd to argue that pro se applicants should somehow have come to this epiphany regarding lack of subject matter jurisdiction.

**d. Controlling authority of Oklahoma supports the ruling in *Bosse* that subject matter may not be waived and consequential arguments should not perpetuate a legal wrong.**

The Respondent argues that this Court ignored its own precedent in its finding that subject matter may not be waived. *Bosse*, 2021 OK CR 3, ¶ 24, 484 P.3d at 294. In support of this assertion, the Respondent cites a case from 1945, *Ex Parte Wallace*, 81 Okla. Crim. 176, 162 P.2d 205 (1945), in which the defendant filed a habeas petition three (3) years after his guilty plea alleging that federal court had exclusive jurisdiction over his crime because he and the victims were Comanche Indians and the offense occurred on a restricted allotment. *Id.* at 178-179. This case is not controlling authority here, and is distinguishable from *Bosse* for several reasons.

Firstly, *Ex Parte Wallace* is a habeas action and not an application for post-conviction relief pursuant to § 1080(b), that the Court was without jurisdiction to impose sentence. In *Ex Parte Wallace*, the Court notes, "The writ of habeas corpus will not issue unless the judgment and sentence attacked is void on its face." *Id.* at 176. Upon review of the analysis by the Court it is quite apparent that their analysis as to whether relief should be granted was relegated to the record alone.

> Upon the face of the record, the district court of Cotton county had jurisdiction of the subject matter, to wit, rape in the first degree, had jurisdiction of the person of the defendant, and, when the defendant entered his plea of guilty to the charge of rape, as set forth in the information, without challenging the jurisdiction of the state court, the said state court had authority to proceed to pronounce judgment and sentence upon the plea of guilty. *Id.* at 188.

9

Additionally, Oklahoma's *Uniform Post Conviction Procedure Act* was enacted in 1970. 22 O.S. § 1080 [Laws 1970, SB 604, c. 220, § 1, emerg. eff. July 1, 1970, and provides, "Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." *Id*.  Finally, subsequent authority or "good precedent" of this Court is ignored by the Respondent which is entirely consistent with *Bosse*.  More recent decisions *Wackerly* (2010), *Magnan* (2009) and *Wallace* (1997), reached the same result.

The Respondent presents the same sort of consequential argument as made in *Ex Parte Wallace*, that because re-prosecution of the Petitioner may be barred by statute of limitations, somehow this should prevent the Court from properly applying long standing precedent.  In *McGirt*, the Supreme Court addressed this argument in stating "In any event, the magnitude of a legal wrong is no reason to perpetuate it" *McGirt*, 140 S.Ct. 2452 (2020).  Simply put, the State of Oklahoma, through local district attorney offices, perpetuated a legal wrong on the Native Americans of Oklahoma for more than a century. They are now asking the Courts to perpetuate this wrong by upholding VOID convictions. There are consequences for any mistake, some greater than others.

Respectfully submitted,

_____
Peter J. Knowles, OBA #30142
500 West 7th Street
Tulsa, OK 74119
(918) 932-2800
(918) 932-2900 (Fax)
Attorney for Petitioner

## CERTIFICATE OF MAILING

This is to certify that on the _16_ day of _July_, 2021, the undersigned caused a true and correct copy of the above document was mailed to:

Ashley L. Willis, No. 22210
313 N.E. 21st Street
Oklahoma City, OK 73105
Attorney for Respondent

Peter J. Knowles

11

# EXHIBIT B

ORIGINAL

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT - 1 2021

JOHN D. HADDEN
CLERK

DAVID PAUL WORTHINGTON,

*1050534447*

     Petitioner,

v.

STATE OF OKLAHOMA,

     Respondent.

)
)
)
)
)
)
)
)
)
)

No. PC-2020-744

## ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF

Petitioner, through counsel, appeals the denial of post-conviction relief by the District Court of Washington County in Case Nos. CF-1986-52 and CF-1986-53. Before the District Court, Petitioner asserted he was entitled to relief pursuant to *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). In *State ex rel. Matloff v. Wallace*, 2021 OK CR 21, ___ P.3d ___, this Court determined that the United States Supreme Court decision in *McGirt*, because it is a new procedural rule, is not retroactive and does not void final state convictions. *See Matloff*, 2021 OK CR 21, ¶¶ 27-28, 40.

The conviction in this matter was final before the July 9, 2020 decision in *McGirt*, and the United States Supreme Court's holding in

PC-2020-744, David Paul Worthington v. State of Oklahoma

*McGirt* does not apply. Therefore, the District Court's order denying post-conviction relief is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2021), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this _1_ day of __October__, 2021.

**SCOTT ROWLAND, Presiding Judge**

**ROBERT L. HUDSON, Vice Presiding Judge**

**GARY L. LUMPKIN, Judge**

**DAVID B. LEWIS, Judge**

ATTEST:

_____
Clerk

PA

2

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

David Paul Worthington,
    Petitioner,

v.

STATE OF OKLAHOMA,
    Respondent,

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT - 7 2021

JOHN D. HADDEN
CLERK

*1050532646*

Case Number: PC-2020-744

TCC Number(s): CF-1986-52

### RETURN OF THE COURT CLERK

To the Court of Criminal Appeals of the State of Oklahoma:

On the ____ day of ____October____, _2021_, I received the mandate issued in case number: PC-2020-744, Worthington, David Paul; appellant v. STATE OF OKLAHOMA;, appellee, with a copy of the Order in the same. I have stamped, filed, and spread of record the mandate on the day I received same.

On the ____ day of ____October, 2021____, I issued appropriate process -- i.e. a certified copy of the Judgment and Sentence as _____ by the mandate -- to the appropriate officer of County of WASHINGTON, State of Oklahoma, as required by 22 O.S. 2001 §978 who then made return to my office as follows:

1.    Use this space if the punishment assessed was solely confinement in state penitentiary.  See 22 O.S. 2004 §980.    CT 1 40 years, 70 years CT II, 20 years CT III

2.    Use this space if the punishment assessed was solely confinement in the County Jail.  See 22 O.S. 2005 §979.

3.    Use this space if the punishment assessed was confinement, due to failure to pay, in whole, or in part, a fine.  See 22 O.S. 2001 §§ 979 and 983.

4.    Use this space if the case was Reversed and Remanded for a New Trial.  See 22 O.S. 2001 §1066.

Witness my hand this ____ day of ____October, 2021____

_____
Court Clerk

(seal)

By: _____
WASHINGTON County, Oklahoma
                                        Deputy



# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

David Paul Worthington,
  Petitioner,

v.

STATE OF OKLAHOMA,
  Respondent,



Case Number: PC-2020-744

TCC Number(s): CF-1986-52

## MANDATE

To the Honorable Judge of the District Court in and for the County of WASHINGTON, State of Oklahoma, Greetings:

Whereas, the Court of Criminal Appeals of the State of Oklahoma has rendered its decision in the above styled and numbered case on the 1st day of October, 2021, resolving the appeal from the District Court in Case Number CF-1986-52.

### AFFIRMED

Now, therefore, you are hereby commanded to cause such Decision to be filed and spread of record in your court and to issue such process (see 22 O.S. 2001, §§ 978 & 979, and 22 O.S. 2004 §980) and to take such other action as may be required by said Order (see 22 O.S. 2001 §§ 1066 and 1072). You shall then make due and prompt return to this court showing ultimate disposition of the above case.

Witness, the Honorable Scott Rowland, Presiding Judge of the Court of Criminal Appeals of the State of Oklahoma, State Capitol Building, Oklahoma City, this 1st day of October, 2021 .

JOHN D. HADDEN
Clerk

(seal)

By: Glenda Burris
Deputy

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

David Paul Worthington,
   Petitioner,

v.

STATE OF OKLAHOMA,
   Respondent,

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT - 7 2021

JOHN D. HADDEN
CLERK

Case Number: PC-2020-744

TCC Number(s): CF-1986-52

## RECEIPT FOR MANDATE

The undersigned court clerk of Washington County, State of Oklahoma, hereby acknowledges receipt of mandate and Order issued and filed in the above styled and numbered case.

Dated this ___4___ day of ___October___, 2021

_Jill Spitzer_

                            Court Clerk

County of ___Washington___,

(seal)

Jill L. Spitzer, Court Clerk
Deputy

State of Oklahoma

Sign and Mail to:

Clerk of the Appellate Courts
Oklahoma Judicial Center
2100 N Lincoln Blvd., Suite 4
Oklahoma City, OK   73105-4907

ORIGINAL

# IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

DAVID PAUL WORTHINGTON,

     Petitioner,

v.

STATE OF OKLAHOMA,

     Respondent.

)
)
)
)
)
)
)
)
)
)

\* 1 0 5 0 5 3 4 4 4 7 \*

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT - 1 2021

JOHN D. HADDEN
CLERK

No. PC-2020-744

---

## ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF

Petitioner, through counsel, appeals the denial of post-conviction relief by the District Court of Washington County in Case Nos. CF-1986-52 and CF-1986-53. Before the District Court, Petitioner asserted he was entitled to relief pursuant to *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). In *State ex rel. Matloff v. Wallace*, 2021 OK CR 21, ___ P.3d ___, this Court determined that the United States Supreme Court decision in *McGirt*, because it is a new procedural rule, is not retroactive and does not void final state convictions. *See Matloff*, 2021 OK CR 21, ¶¶ 27-28, 40.

The conviction in this matter was final before the July 9, 2020 decision in *McGirt*, and the United States Supreme Court's holding in

PC-2020-744, David Paul Worthington v. State of Oklahoma

*McGirt* does not apply. Therefore, the District Court's order denying post-conviction relief is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2021), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this *1* day of ___October___, 2021.

_____
**SCOTT ROWLAND, Presiding Judge**

_____
**ROBERT L. HUDSON, Vice Presiding Judge**

_____
**GARY L. LUMPKIN, Judge**

_____
**DAVID B. LEWIS, Judge**

ATTEST:

_____
Clerk

PA

2

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

David Paul Worthington,
  Petitioner,

v.

STATE OF OKLAHOMA,
  Respondent,



Case Number: PC-2020-744

TCC Number(s): CF-1986-52

## MANDATE

To the Honorable Judge of the District Court in and for the County of WASHINGTON, State of Oklahoma, Greetings:

Whereas, the Court of Criminal Appeals of the State of Oklahoma has rendered its decision in the above styled and numbered case on the 1st day of October, 2021, resolving the appeal from the District Court in Case Number CF-1986-52.

### AFFIRMED

Now, therefore, you are hereby commanded to cause such Decision to be filed and spread of record in your court and to issue such process (see 22 O.S. 2001, §§ 978 & 979, and 22 O.S. 2004 §980) and to take such other action as may be required by said Order (see 22 O.S. 2001 §§ 1066 and 1072). You shall then make due and prompt return to this court showing ultimate disposition of the above case.

Witness, the Honorable Scott Rowland, Presiding Judge of the Court of Criminal Appeals of the State of Oklahoma, State Capitol Building, Oklahoma City, this 1st day of October, 2021 .

JOHN D. HADDEN
Clerk

(seal)

By: Glenda Burris
Deputy

ORIGINAL

*1050533101*

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

SEP 2 9 2021

JOHN D. HADDEN
CLERK

| | | |
|---|---|---|
| **DAVID PAUL WORTHINGTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. MA-2021-426** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER DISMISSING APPLICATION FOR EXTRAORDINARY WRIT

On May 12, 2021, Petitioner, pro se, filed a petition for a writ of prohibition and/or mandamus seeking extraordinary relief in the District Court of Washington County Case Nos. CF-1986-52 and CF-1986-53. Petitioner seeks accommodations to facilitate pro se representation in post-conviction proceedings involving the application of *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020).

On June 14, 2021, private counsel entered an appearance on Petitioner's behalf in Case No. PC-2020-744. In light of Counsel's appearance, Petitioner's request for extraordinary relief is **MOOT** and is accordingly **DISMISSED**.

**IT IS SO ORDERED.**

MA-2021-426, David Paul Worthington v. State of Oklahoma

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this

_29_ day of ___September_____, 2021.

_____
**SCOTT ROWLAND, Presiding Judge**

_____
**ROBERT L. HUDSON, Vice Presiding Judge**

_____
**GARY L. LUMPKIN, Judge**

_____
**DAVID B. LEWIS, Judge**

ATTEST:

_____
         Clerk

OA

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2022, the foregoing Petition for Writ of Habeas Corpus was served on Respondent pursuant to Fed. R. Civ. P. 5(b)(2)(C) by mailing it to the following address:

**WARDEN RICK WHITTEN**
**NORTH FORK CORRECTIONAL FACILITY**
**1605 EAST MAIN**
**SAYRE, OK  73662**

/s/ *Theodore M. Hasse*

Theodore M. Hasse

5