IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID PAUL WORTHINGTON,

    Petitioner,

v.

CASEY HAMILTON, Warden,[1]

    Respondent.

Case No. 22-CV-0429-JFH-JFJ

## OPINION AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) ("Petition") [Dkt. No. 1] filed by Petitioner David Paul Worthington ("Worthington"). Worthington claims he is in custody in violation of federal law, under the judgments entered against him in Washington County District Court Case Nos. CRF-1986-52 and CRF-1986-53, because he is an enrolled member of the Cherokee Nation with some degree of Indian blood, and the State of Oklahoma did not have jurisdiction to prosecute him for crimes he committed in Indian country, specifically, within the Cherokee Nation Reservation. Respondent urges the Court to dismiss the Petition because Worthington's claim is barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1).

Having considered the Petition, Respondent's Response [Dkt. No. 8], the record of state court proceedings, and applicable law, the Court finds and concludes that the Petition shall be DISMISSED with prejudice as barred by the statute of limitations.

---

[1] Worthington is incarcerated at the Great Plains Correctional Center, and Casey Hamilton is the warden of that facility. The Court therefore substitutes Casey Hamilton, Warden, in place of Rick Whitten as party respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

## BACKGROUND

Following trials in two separate cases, Washington County juries found Worthington guilty of kidnapping, first degree rape, and first degree robbery, all after former conviction of two or more felonies, in Case No. CRF-1986-52; and three counts of kidnapping, first degree rape, and assault with a dangerous weapon, all after former conviction of two or more felonies, in Case No. CRF-1986-53. Dkt. No. 8 at 2-3. In the first case, the trial court imposed consecutive prison terms of forty (40) years, seventy (70) years, and twenty (20) years. *Id.* In the second case, the trial court imposed a prison term of seventy (70) years for each conviction, ordered the five terms to run consecutively to each other, and consecutively to the sentences imposed in the first case. *Id.* at 3. In two separate unpublished opinions filed on September 29, 1995, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Worthington's convictions and sentences in both cases. *Id.*; Dkt. Nos. 8-5, 8-11. Worthington did not file a petition for writ of certiorari in the Supreme Court. Dkt. No. 8 at 6.

More than two decades later, in September 2017, Worthington sought postconviction relief in state district court, first relying on *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. Aug. 8, 2017) ("*Murphy I*"), *amended and superseded on denial of reh'g en banc by Murphy v. Royal*, 875 F.3d 896 (10th Cir. Nov. 9, 2017) ("*Murphy II*"), *aff'd sub nom. Sharp v. Murphy*, 591 U.S. 977 (2020), and later relying on *McGirt v. Oklahoma*, 591 U.S. 894 (2020), to argue the State did not have

jurisdiction to prosecute him for crimes he committed in Indian country.[2]  Dkt. No. 8 at 6-7; Dkt. Nos. 8-24, 8-32.  Four years later, the state district court denied relief, citing the doctrine of laches, and the OCCA affirmed the denial of postconviction relief, citing its holding, in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), that *McGirt* and the OCCA's post-*McGirt* decisions (including *Hogner*) do not "apply retroactively to void a conviction that was final when *McGirt* was decided."  *Id.* at 7-9; Dkt. Nos. 8-33, 8-38.

Worthington, appearing through counsel, commenced this federal habeas action in October 2022.  Dkt. No. 1 at 1.  Respondent contends the statute of limitations bars relief and urges the Court to dismiss the Petition.  Dkt. No. 8.

## DISCUSSION

State prisoners seeking federal habeas relief under 28 U.S.C. § 2254 have one year from the latest of four events to file a petition.  28 U.S.C. § 2244(d)(1).  These events include:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized

---

[2] In *Murphy II*, the Tenth Circuit held that Congress did not disestablish the Muscogee (Creek) Nation Reservation and Oklahoma thus lacked jurisdiction to prosecute Mr. Murphy, an Indian, for murder in Indian country.  875 F.3d at 966.  In July 2020, the *McGirt* Court similarly held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has exclusive jurisdiction, under 18 U.S.C. § 1153(a), to prosecute Indians for committing certain crimes within the boundaries of that reservation.  *McGirt*, 591 U.S. at 913, 932-34.  Relying on its decision in *McGirt*, the Supreme Court summarily affirmed the Tenth Circuit's decision in *Murphy II*.  *Sharp v. Murphy*, 591 U.S. at 978.  The OCCA subsequently held that Congress did not disestablish the Cherokee Nation Reservation.  *Hogner v. State*, 500 P.3d 629, 635 (Okla. Crim. App. 2021).

> by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For most prisoners the limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). A judgment is final, for purposes of § 2244(d)(1)(A), when the prisoner can no longer seek direct review of the judgment. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The prisoner bears the burden of showing that his limitations period commenced under a different provision of § 2244(d)(1). *Preston*, 234 F.3d at 1120.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitations period only if it is filed before the one-year limitations period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In some circumstances, a federal district court may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may consider untimely claims when a prisoner presents a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

In his counseled Petition, Worthington does not acknowledge the existence of a one-year limitations period, much less attempt to show that any provision other than § 2244(d)(1)(A) applies to his circumstances. Regardless, a claim alleging an absence of jurisdiction in the convicting

4

court is not exempt from § 2244(d)(1)'s one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period . . . it discerned no reason to provide a blanket exception for jurisdictional claims."); *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[L]ike any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely."). And case law in this circuit "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions." *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (unpublished);[3] *see also Pacheco*, 62 F.4th at 1246 (rejecting petitioner's argument that *McGirt* announced a new constitutional right that would support application of § 2244(d)(1)(C) to calculate petitioner's limitations period).

This Court thus considers only whether Worthington's claim is timely under § 2244(d)(1)(A). It is not. Worthington's judgments became final on December 29, 1995, when the time expired for him to petition the Supreme Court for a writ of certiorari. *Gonzalez*, 565 at 150; Sup. Ct. R. 13.1. Because his judgments became final before Congress enacted the one-year statute of limitations, Worthington's one-year limitations period commenced on April 24, 1996, and expired on April 24, 1997. *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004) (discussing one-year "grace period" provided to defendants with convictions that became final before enactment of statute of limitations). The Petition, filed in October 2022, is unquestionably untimely under § 2244(d)(1)(A). And the record of state court proceedings show that Worthington

---

[3] The Court cites all unpublished decisions herein for their persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

did not file any applications for postconviction relief or other collateral review within this one-year limitations period, so he cannot benefit from statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. In addition, Worthington does not suggest, much less show, that his circumstances warrant equitable tolling, or that this Court could apply the equitable exception for credible claims of actual innocence. *See Perkins*, 569 U.S. at 386; *Holland*, 560 U.S. at 645.

## CONCLUSION

Based on the foregoing, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars Worthington's request for federal habeas relief. The Court therefore DISMISSES with prejudice the Petition. And because the statute of limitations presents a plain procedural bar, the Court DENIES a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) the Petition [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; (2) a certificate of appealability is DENIED; and (3) a separate Judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Casey Hamilton, Warden, in place of Rick Whitten as party respondent.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this Opinion and Order and a copy of the corresponding Judgment to David Paul Worthington, # 97843, Great Plains Correctional Center, PO Box 700, Hinton, OK 73047.

Dated this 5th day of November, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE